UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHRISTINE TIMMON,

        Plaintiff,

v.

A'LYNNE ROBINSON, President,
Lansing City Council,

        Defendant.

_____/

Case No. 1:10-cv-823

Honorable Robert Homes Bell

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought *pro se* by Christine Timmon under 42 U.S.C. § 1983, combined with a state-law tort claim of assault and battery. Plaintiff is currently a resident of Florida, but lived in Lansing, Michigan, on May 24, 2010, when the relevant events of her complaint occurred. Plaintiff initiated this case in the Southern District of Florida, but that court transferred the case to this court by order entered August 18, 2010, for lack of proper venue. Plaintiff's *pro se* complaint names A'Lynne Robinson, the Lansing City Council president, as the sole defendant. Specifically, plaintiff alleges that defendant poked her in the back while plaintiff was present at City Hall immediately before the start of a City Council meeting. Plaintiff also alleges that her First Amendment right to free speech was violated when defendant interrupted plaintiff's three-minute time allotment for public comments during the ensuing City Council meeting. This First Amendment violation was supposedly an act of retaliation for ongoing litigation between plaintiff and the City of Lansing.

The matter is now before the court on plaintiff's motions for summary judgment, dated January 7 and January 24, 2011 (dockets # 22, 23), and defendant's cross motion for summary judgment, filed January 28, 2011. (docket # 25). Briefing concluded in February 2011, and the motions are ready for decision. For the reasons set forth herein, I recommend that plaintiff's motions for summary judgment be denied and that defendant's motion for summary judgment be granted and that a final judgment be entered in defendant's favor on plaintiff's federal claim. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

## **Applicable Standards**

### A.   **Summary Judgment Standard**

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *See Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir. 2005). "'[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.'" *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005)(quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)). "The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *Lee v. City of Columbus*, 636 F.3d 245, 249 (6th Cir. 2011).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law.[1] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain her burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- [her] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). The higher summary judgment standard applies to plaintiff's motions for summary judgment.

**Proposed Findings of Fact**

On May 24, 2010, plaintiff attended a City Council meeting in Lansing, Michigan. Plaintiff has a substantial history of litigation with members of the Lansing City Council. On the date in question, plaintiff had outstanding litigation with the City of Lansing, and alleges that defendant was aware of this fact. (Compl. ¶ 18, docket # 1). Plaintiff alleges defendant passed by to speak to other persons prior to the beginning of the meeting, then, some five minutes later, poked her twice in the back. (*Id*. at ¶¶ 1-4). Plaintiff "loudly protested she was being attacked by defendant." (*Id*. at ¶ 5). Plaintiff states that defendant told her she merely wished to welcome plaintiff back to council meetings, but plaintiff objected to the manner in which she did so, claiming it was "inappropriate and abusive," especially to "someone who has Lupus and other allergies." (*Id*. at ¶¶ 6-7). Plaintiff alleges that defendant was aware of her medical condition. (Compl. at ID # 9). Plaintiff says that "harsh, intimidating words were then exchanged" between both parties before defendant walked away. The exchange left plaintiff in a self-described "pall of intimidation and retaliation" and wondering whether defendant would allow her to have her "First Amendment rights to free speech and report the incident" when her scheduled opportunity to speak arose.[2] (*Id*. at ¶¶ 8-10).

The DVD recording reveals that plaintiff spoke on two occasions during the meeting. (docket # 38). Rule 16 of the Lansing City Council generally limits remarks from members of the

---

[2] Defendant's version of this initial encounter is different. The account is described in the affidavit of a witness, Lori Simon, who states that defendant offered plaintiff her hand and uttered some manner of welcome, to which defendant began to loudly shout "Don't you dare touch me." (Aff. ¶¶ 8-9, docket # 26-3). Ms. Simon states "it was clear to me that Ms. Robinson did not touch her." (*Id.* at ¶ 10). Unfortunately for defendant, the affidavit from Ms. Simon (docket # 263 at ID # 153) is unsigned and the error has never been corrected, thus, plaintiff's assertion that defendant touched her has not been challenged with contrary evidence.

public to three minutes. During the public comments on legislative matters portion of the meeting's agenda, (Agenda, docket # 26-4, ID # 156) plaintiff spoke for the entirety of her allotted three minutes. The recording shows no evidence that plaintiff was, as she claims, "in a pall of intimidation and retaliation." To the contrary, plaintiff was vocal and assertive, and appeared to be sufficiently at ease to express herself without concern of controversy. Plaintiff was not interrupted, and returned to her seat when her time expired. Plaintiff returned to the podium for the public commentary on the "matters related to city government" portion of the meeting. The meeting's agenda stated this segment would allow members of the public three minutes each to comment on "issues or topics relevant to the operation or governance of the city." (*Id*. at ID # 160). Plaintiff spent nearly three minutes expressing her opinion in somewhat bellicose fashion. Plaintiff criticized the city government in general and various public figures in particular, some present in the room, including passing allegations of incompetence and endemic but unenumerated constitutional violations. Plaintiff's time was respected until the exchange at issue, which consumed the few remaining seconds.

   The exchange began with plaintiff commenting "And A'Lynne, you put your hands on me tonight. You better hope my back don't swell up because I got Lupus. And it's easily took to hurt me. So you better hope my back..." to which defendant interrupted and stated "Let's correct that. I said hello to you. I said welcome back." (docket # 26, ID # 129; docket # 38). Plaintiff contested the point, and the two proceeded to argue briefly about the nature of defendant's actions. Plaintiff insisted she had been touched, and defendant maintained she verbally greeted her. *Id*. The subject of the quarrel altered when plaintiff demanded the restoration of time lost during the argument. This second topic of contention lasted until plaintiff's remaining time expired. Plaintiff

surrendered the podium threatening to sue defendant if her back swelled up. The exchange is written in its entirety in defendant's brief (docket # 26, ID # 129-30), and examination of the DVD recording reveals this to be an accurate transcript. Plaintiff does not propose an alternate version of the dialogue, nor does she estimate the alleged temporal deprivation to exceed twenty seconds. (Plf. Motion, docket # 22, ID # 109).

Plaintiff filed suit on August 10, 2010, alleging her First Amendment rights had been violated by the interruption and the refusal to allow her to recoup the time lost to the ensuing quarrel. Plaintiff's complaint indicates this violation was retaliatory, most likely for plaintiff's ongoing suit against the city. (Compl., ¶¶ 9-10, 18, ID # 9). The complaint also includes a state-law tort claim of assault and battery, with plaintiff claiming she suffered a "Lupus flare-up" on her shoulder and back, necessitating a visit to a Florida hospital. (*Id*. at ¶¶ 16-17). Plaintiff seeks a remedy of $250,000 (docket # 1, ID # 4), although later documents suggest plaintiff wishes to double that figure, half in damages and half for punitive award. (docket # 23, ID # 112). In more recent documents, $250,000 is the sought-after figure once again. (docket # 32).

## Discussion

### A. Retaliation Claim

The complaint alleges in vague fashion that the interruption depriving plaintiff of roughly the last twenty seconds of her allotted time constituted some form of retaliation. Plaintiff identifies herself as a long-time critic of the Lansing City Council. Plaintiff has a litigious history with the City of Lansing and its council members, and was engaged in a suit against the city at the time of this meeting. Plaintiff places significant, repeated emphasis on the fact that defendant, the

City Council president, was aware of the existence of this outstanding litigation. Read with the required liberality, plaintiff suggests her First Amendment rights were violated in retaliation for her pending litigation against the City.

A plaintiff asserting a First Amendment retaliation claim must present evidence from which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). Claims of retaliation for the exercise of rights guaranteed by the Petition Clause are governed by the same test that applies to the Free Speech Clause. *Borough of Duryea, Pa., v. Guarnieri,* 131 S. Ct. 2488, 2495 (2011); *Holzemer v. City of Memphis*, 621 F.3d 512, 520-23 (6th Cir. 2010); *Thaddeus-X,* 175 F.3d at 390 n.6. In either type of case, the plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

"The first element [plaintiff] must establish for his retaliation claim[s] is that he was engaged in conduct protected by the First Amendment." *Hill v. Lippin*, 630 F.3d 468, 472 (6th Cir. 2010). In this case, the first element is established. Filing a non-frivolous lawsuit[3] against a city constitutes protected conduct under the First Amendment right to petition the government for redress of grievances. *See Eckerman v. Tennessee Dep't of Safety*, 636 F.3d 202, 207 (6th Cir. 2010); *see also Brown v. Matuszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011); *Clark v. Johnson*, 413 F. App'x 804, 812 (6th Cir. 2011); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

---

[3] The court will assume for present purposes that plaintiff's lawsuit was not frivolous.

The second element of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct. The threshold to demonstrate this element is not high, but "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations." *Hill v. Lappin,* 630 F.3d 468, 472-73 (6th. Cir. 2010) (quoting *Thaddeus-X v. Blatter*, 175 F.3d at 398). This threshold is intended to weed out only inconsequential actions. *Id.* "The plaintiff's evidentiary burden is merely to establish the factual basis for [her] claim that the retaliatory acts amounted to more than a de minimis injury." *Bell v. Johnson*, 308 F.3d 594, 606 (6th. Cir. 2002). The *de minimis* threshold for adverse action was erected to screen out exactly the kind of claim that plaintiff asserts here. Assuming arguendo that defendant's interruption of plaintiff constituted an adverse action at all, the loss of twenty seconds or less remains a trivial deprivation. Plaintiff was allowed over five and a half minutes of uninterrupted speaking time over the course of the meeting. Plaintiff was in no way impaired in returning to subsequent meetings to speak, or to file written complaints or voice her opinion through other channels. The loss at issue was of the paltry few remaining seconds at the podium in a single instance. It is difficult to see such a theoretical deprivation as deterring anyone of ordinary firmness in pursuing protected activity.

It should be noted that the DVD reveals plaintiff herself is largely at fault for the loss of her time. The recording clearly shows plaintiff speaking without interruption through her first three-minute allotment at the podium, and speaking uninterrupted for nearly the length of her second three minutes. Defendant only interrupted when a personal accusation of an actionable wrongdoing was made against her. Defendant went on the record to correct the statement that she had touched plaintiff. It was natural, and potentially wise, for defendant to wish to avoid leaving such an

unchallenged accusation on the record. It should also be noted that defendant merely stated she had welcomed plaintiff, which alone took little time. It was plaintiff's decision to veer off on the tangent about having been touched when greeted by defendant, and plaintiff's subsequent decision to demand the restitution of the time lost in doing so, that squandered the bulk of her remaining fifteen or twenty seconds. That any adverse action occurred is improbable, but if there were a tangible deprivation, it was too trivial to constitute more than a *de minimis* deprivation.

For analytical purposes, the third element will also be considered. Under the causation element of a plaintiff's case for retaliation, the subjective motivation of the defendant is at issue. "The third element of a First Amendment retaliation claim requires the plaintiff to prove a causal connection between the protected conduct and the adverse action. When assessing motive in the context of a summary judgment motion, bare allegations of malice do not suffice to establish a constitutional claim." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010) (internal quotations and citations omitted). Plaintiff must demonstrate that her protected speech was a substantial or motivating factor in the adverse action taken by defendant. Plaintiff must point to specific, nonconclusory evidence reasonably linking her speech to the adverse action. *Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003). The Sixth Circuit has interpreted this inquiry to mean that a motivating factor is "essentially but-for cause-without which the action being challenged simply would not have been taken." *Vereecke*, 609 F.3d at 400 (quoting *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007), and *Greene v. Barber*, 310 F.3d 889, 897 (6th Cir. 2002)). "Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone." *Vereecke*, 609 F.3d at 400; *see Tuttle v. Metrop. Gov't of Nashville*, 474

F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim.").

Here, defendant has denied any knowledge of the lawsuit at issue. (Def. Aff. ¶ 7, docket # 26-2, ID # 149). Defendant's actions are easily understood in a context other than a retaliatory one. Plaintiff's allotted speaking time does not constitute a license to make serious accusations uninterrupted. The Lansing City Council has the right and responsibility to keep order during its meetings. For her part, plaintiff has done nothing to establish a causal link between the marginal harm she may have endured and her litigation with the city. She has failed to support her claim of causation with any admissible evidence. Plaintiff makes no more than a bare allegation that defendant was aware of the unresolved lawsuit. This alone is insufficient to meet the necessary burden. No causal link between the supposed harm and the protected conduct has been established, so plaintiff also fails on the third element.

  **B.**  **State Tort Claim**

In addition to her First Amendment claim, plaintiff asks the court to extend supplemental jurisdiction over a state-law claim of assault and battery. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There is no reason in this case to depart from the general rule.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motions for summary judgment (docket #s 22, 23) be denied and that defendant's motion for summary judgment (docket # 25) be granted and that a final judgment be entered in defendant's favor on plaintiff's federal claim. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

Dated: August 17, 2011                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).